# Bradford Township *versus* Keating Township.

A justice of the peace is incompetent to order the removal of a pauper from his own district.

An order of removal made without notice and unappealed from is conclusive of the duty enjoined in it, and decides where the pauper's legal settlement is.

In an action against a township for money expended for the maintenance of a pauper, evidence will not be received, for the purpose of avoiding the order of a justice, to show that his district was the true place of legal settlement of the pauper.

ERROR to the Common Pleas of *McKean county.*

This was an action of *assumpsit*, brought for money expended, &c., by the overseers of the poor of Keating township against the overseers of the poor of Bradford township.

On the 15th September, 1849, an order was issued by the justices of the peace to the overseers of Keating township for the maintenance of a pauper, who had come into said township the day previous: he had just returned from the West, was sick, and a proper subject for relief. Immediately after the service of the order upon them, the overseers of Keating township took charge of him, employed a physician to attend him, and furnished him with boarding and clothing. On the 11th November, 1853, they applied to two justices for an order to remove him to Bradford township, which was issued the same day. They then removed and delivered him to the overseers of Bradford, who refused

to receive and provide for him, but took no appeal from the order of removal. The pauper returned to Keating township and continued a charge there.

The further history of the case and questions presented on the trial appear in the exceptions to the evidence and charge of the court, as specified in the assignments of error.

1st. The court erred in admitting the evidence contained in the first bill of exceptions as follows :—

1. On the trial plaintiffs offered the complaint made by G. W. Starks and Ebenezer Gallup, overseers of Keating, before J. Chadwick and P. Gallup, Esqs., for an order of removal of Aurelius Beeman, of Bradford township, dated the 11th November, 1853, and the order of removal of same date, issued by said parties for the purpose of showing the legal settlement of the pauper. Defendants objected to their admission on the ground that it does not appear that defendants had a hearing before the justices upon the complaint or order, or notice to appear. Objections overruled and offer admitted, plaintiffs proposing to follow up the evidence offered by proving the execution of the order of removal.

Exception by defendants and bill sealed.

2. The court erred in rejecting the offer contained in the second bill of exceptions, as follows:—

" Defendants called Gherdis Corwin, and proposed to prove by him that Beeman's last place of legal settlement at the time of issuing the order of maintenance in September, 1849, was in Keating township, and not in Bradford township. Plaintiffs object to the admission of this offer on the ground that the question of settlement is decided by the adjudication and order of removal of the parties given in evidence and not appealed from. Objections sustained—offer rejected—exception by defendants, and bill sealed."

3. The court erred in rejecting the offer contained in the third bill of exceptions as follows :—

" Defendants further offer to prove, in connexion with proof already given, that J. Chadwick was elected a justice of the peace in and for Keating township, and so continued until the 1st of February, 1853, at which time the borough of Smethport was incorporated, when he continued to act as a justice of the peace for said borough, his residence having been when elected within the boundaries of said borough as subsequently organized, and he having continued to reside within said boundaries. That the pauper had a legal settlement in Keating township, prior to the erection of the borough of Smethport, and that at the time of the granting of the order of removal he had a legal settlement in that part of said township which was included in the borough of Smethport—the offer is made for the purpose of showing the

[Bradford Township *v.* Keating Township.]

incompetency of Justice Chadwick to grant the order of removal. Court reject the offer. Counsel for defendants except, and at their request this bill is sealed."

4. The court erred in the charge in saying " The order of removal and proceedings thereon unappealed from were conclusive upon the overseers of Bradford as to the question of the pauper's legal settlement, and the liability of Bradford township for his maintenance;" and they also erred in the general doctrine of the whole charge.

*Wetmore,* for plaintiffs in error.

*Johnson,* for defendants in error.

The opinion of the court was delivered by

LOWRIE, J.—It seems to be settled that a justice of the peace is incompetent from interest to order the removal of a pauper from his own district: 3 *W. & Ser.* 548; 5 *Id.* 434. But in the present case the removal was not from his own district; and for the purpose of avoiding his order, it was offered to be shown by witnesses that his district was the true place of legal settlement of the pauper. This evidence was properly rejected. It is because interest may affect the judgment that the jurisdiction is excluded. But if the case presented before the justice does not appear to be one in which he is interested, his judgment cannot be affected by interest, and he cannot refuse to act.

Was the order of removal conclusive of the duty enjoined in it, though made without notice, no appeal having been taken? It seems to us that it was. The office of the order is twofold. First, like that provided for in the sixth section of the poor law, it requires and justifies the placing of the pauper on the poor books, and the law regards the justices as perfectly competent to conduct the inquiry that leads to this result, without giving notice to any one. And second, it decides where the pauper's legal settlement is, and of this the order of removal gives notice. The only notice provided for as notice, in the proceeding, is notice of the appeal, and we must presume that no other was intended. None is needed for the proceeding before the justices, for their decision concludes nothing as to which district shall finally bear the expense of the pauper, unless the overseers of the district to which he is removed assent to it by omitting to appeal. If there is really a dispute as to the place of settlement, the question is to be decided by the Quarter Sessions, and the order of the justices merely opens the road to that court and provides for the custody of the pauper in the mean time. We see no error in the case.

Judgment affirmed.